UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00085-R

**STEVEN BRADLEY GILES**                                                                                          **Petitioner**

**v.**

**GARY BECKSTROM, Warden**                                                                                       **Respondent**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court upon Respondent's motion to dismiss Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as having been filed outside the one-year period of limitation established by 28 U.S.C. § 2244(d).  The motion is at Docket Number (DN) 9, and Petitioner's response in opposition is at DN 15.  The Court has referred this case to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.  DN 5.

Because the petition was filed outside the one-year period of limitation established by 28 U.S.C. § 2244(d) and Petitioner has not shown entitlement to equitable tolling, the Magistrate Judge RECOMMENDS that the Court GRANT Respondent's motion to dismiss (DN 9); DISMISS the petition pursuant to 28 U.S.C. § 2254; and ISSUE a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because reasonable jurists could debate whether the petition was timely.

**Petitioner's one-year period of limitation began to run
90 days after the Kentucky Supreme Court issued its opinion affirming his conviction.**

A one-year statute of limitations applies to federal habeas corpus petitions.  The one year commenced to run, in this case, on "the date on which the [state-court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[1]  The parties dispute the date this occurred.

---

[1] The period of limitation is tolled for any period of time after finality of direct review in which the petitioner is pursuing his post-conviction remedies in state court.  Section 2244(d)(1)(2).  The parties agree that Petitioner's time was tolled from February 23, 2011, when Petitioner filed his post-conviction motion pursuant to Kentucky

On October 21, 2010, the Kentucky Supreme Court affirmed Petitioner's conviction upon direct appeal. DN 9-1, p. 15 of 60. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

When a petitioner appeals to the state's highest court but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is final as contemplated by Section 2244(d)(1)(A) when the time for taking an appeal to the United States Supreme Court expires. The one year does not begin to run until the day after the petition for writ of certiorari was due in the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Under Rule 13(1) of the United States Supreme Court Rules (U.S.Sup.Ct.R.): "[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort … is timely when it is filed with the Clerk of this Court within 90 days after **entry of judgment** *(emphasis added)*." Thus, the triggering event for determining when the petition for writ of certiorari was due in this case was the Kentucky Supreme Court's "entry of judgment." It is not self-evident when that occurred.

Respondent claims that Petitioner's one year began to run 90 days after the date of rendition, issuance, or handing-down of the Kentucky Supreme Court's opinion affirming conviction. Petitioner claims that the one year did not commence until 21 days after the 90 days after the date of rendition. Petitioner bases his position on Kentucky Rules of Civil Procedure (CR) 76.30(2)(a), which provides, in part, that "[a]n opinion of the Supreme Court becomes final on the 21st day after the date of its rendition." Therefore, in somewhat more technical terminology, Respondent's position is that the date of "entry of judgment" contemplated by U.S.Sup.Ct.R. 13(1) is the date of rendition of the Kentucky Supreme Court's opinion, i.e., October 21, 2010. Petitioner's position is that the date of "entry of

---

Rules of Criminal Procedure (RCr) 11.42, until May 15, 2013, when the Kentucky Supreme Court denied discretionary review.

judgment" is the date on which that opinion became final as a matter of state law, i.e., November 11, 2010.

"The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." U.S.Sup.Ct.R. 13(3). The finality date contemplated by CR 76.30(2)(a) – urged by Petitioner -- is the equivalent under Kentucky practice of the issuance date of the mandate.[2]

This Court's precedent supports the foregoing interpretation. See *Gass v. Chandler*, No. 1:05-CV-00126-TBR, 2006 WL 1793618 (W.D.Ky.) ("In sum, Rule 76.30(2)(a) ... does not apply to this determination [of date of entry of judgment that commences the running of the 90 days for filing a petition for writ of certiorari]. Instead, the Court must examine the case docket sheet maintained by the Supreme Court of Kentucky to determine the entry date of its opinion").

In this case, the Kentucky Supreme Court docket sheet shows that the opinion affirming Petitioner's conviction was entered on the date of its rendition, i.e., October 21, 2010. See http://apps.kycourts.net/supreme/sc_dockets.shtm (Case No. 2009-SC-137).

Respondent cites authority from the Eastern District of Kentucky reaching the same conclusion. See *Jackson v. Chandler*, No. 6:09-CV-00125-GFVT (copy at DN 7-1) ("The Court finds that the time to apply for certiorari began, in this case, from the appellate court's opinion entry date, not from the date of "finality" under Rule 76.30. The lost interim time makes Jackson's petition tardy").

Petitioner's one-year statute of limitations began to run 90 days after the Kentucky Supreme Court issued its opinion affirming his conviction.

---

[2] In 1981, Kentucky dropped the mandate requirement, replacing it with the concept of "finality." Compare CR 76.30 (pre-1981 version) (mandate issued on the 21st day after the date the appellate court opinion was rendered) and CR 76.30(2)(f) (present version) ("No mandate shall be required to effectuate the final decision of an appellate court, whether entered by order or by opinion"). These rule changes are discussed in greater detail in *Jackson v. Chandler*, No. 6:09-CV-00125-GFVT (copy at DN 7-1).

3

**The petition is subject to dismissal
as having been filed outside the one-year period of limitation established by 28 U.S.C. § 2244(d).**

The parties agree that the running of the one-year period of limitation was tolled (pursuant to 28 U.S.C. § 2244(d)(1)(2)) from February 23, 2011, when Petitioner filed his RCr 11.42 motion, until May 15, 2013, when the Kentucky Supreme Court denied discretionary review.  Because the petition was filed on May 1, 2014, all but 14 days of the one-year period ran (from May 15, 2013 through May 1, 2014).

For the reasons described in the preceding section of this Report, the one-year period of limitation commenced running (pursuant to 28 U.S.C. § 2244(d)(1)(A)) on January 20, 2011 – the day after 90 days after issuance of the Kentucky Supreme Court opinion on October 21, 2010.  This made the petition untimely because there are more than 14 days between January 20, 2011, and February 23, 2011, when the RCr 11.42 motion was filed and tolling began.

The petition is subject to dismissal as having been filed outside the one-year period of limitation established by 28 U.S.C. § 2244(d).

**Petitioner has failed to establish entitlement to equitable tolling due to attorney error.**

Counsel, an attorney in the Appeals Branch of the Kentucky Department of Public Advocacy, was appointed to represent Petitioner in pursuing his state-court post-conviction remedies.  In addition, counsel does not deny and, in fact, insists that she also represents Petitioner in connection with the filing of the present petition in federal court.  "Fault, if any, for failing to file timely lies with undersigned counsel."  DN 15, p. 7 of 11.  Counsel states that she "calculated the due date of Mr. Giles' petition as May 2, 2014."  DN 15, p. 8 of 11.  She filed the petition on Petitioner's behalf on May 1, 2014.

Because the statute of limitations is not jurisdictional, it is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631 (2010).  A petitioner seeking equitable tolling bears the burden of establishing: "(1)

4

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 632 (internal quotations and citations omitted).[3]

Ordinarily, because an attorney acts as his client's agent, a represented petitioner bears the risk of attorney error resulting in a late petition. However, this general rule is subject to exception where the attorney error is more than a "garden variety claim of excusable neglect ... such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Id.* at 651 (internal quotations omitted).

In *Holland*, the Court found that counsel's unprofessional conduct constituted extraordinary circumstances justifying equitable tolling in that: 1) appointed counsel repeatedly ignored Holland's requests to file his petition; 2) Holland made reasonable efforts to terminate counsel and proceed pro se but such efforts were unsuccessful on the perverse ground that petitioner failed to act through appointed counsel; and 3) after the deadline had passed, counsel wrote Holland and informed him for the first time that, as counsel understood the law, the statute of limitations expired long before he had been appointed to represent Holland. *Id.* at 640-641. Counsel was wrong about the law.[4]

In comparison with *Holland*, the attorney error in this case was "ordinary" and equitable tolling is unwarranted for essentially the same reasons identified in *Jackson v. Chandler*, supra: 1) "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel," *Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007); 2) The record reflects no particular diligence by Petitioner other than reliance on his counsel to file the petition on time; and 3) Counsel should have filed the petition to meet the earliest potential deadline, rather than the last.

---

[3] The Sixth Circuit previously considered a five-factor test under *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.2001), but that test has been replaced by the two-part test in *Holland*. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 750 (6th Cir.2011).
[4] In his concurring opinion, Justice Alito summarized the foregoing attorney misbehavior as rising to the level of abandonment of his client and "[c]ommon sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." *Id.* at 659.

Petitioner has failed to establish entitlement to equitable tolling due to "extraordinary" attorney error. The petition must be dismissed as untimely.

**Reasonable jurists could debate whether the petition was timely.**

The final question is whether Petitioner is entitled to a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c).

In this case, the Court has based its determination that the petition should be dismissed as untimely on a procedural grounds (i.e., the period of limitation established by 28 U.S.C. § 2244(d)) without reaching the merits of Petitioner's underlying constitutional claims. In such cases, the Court should issue a COA only if "the prisoner shows, at least, that [1] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that [2] jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[5]

Turning to the second prong of the *Slack* test, in this case, reasonable jurists could debate whether the petition was timely.

While the Court has determined that, in calculating the 90 days in which Petitioner could have filed a petition for writ of certiorari in the United States Supreme Court, there are no 21 extra days pursuant to Kentucky CR 76.30(2)(a), there is case-law to the contrary.

In *Loving v. Doom*, No. 1:08-CV-00170-TBR, 2009 WL 2762501 (W.D.Ky.), this Court clearly added the 21 days.[6]  However, that particular aspect of *Loving* is because it was undisputed that Loving's petition was untimely and the only question before the Court was whether to apply equitable tolling.

---

[5] In *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), the Supreme Court recently reminded courts that a failure to address both prongs of *Slack* and to indicate the specific issue(s) on which the petitioner has made a substantial showing of denial of a constitutional right (prong #1) renders the COA defective.  Nevertheless, it does not deprive the appellate court of jurisdiction to consider the procedural issue.

[6] There were 111 (90 plus 21) days between February 17, 2005, when "the Kentucky Supreme Court issued an unpublished opinion that affirmed the judgment of conviction," and June 8, 2005, when "the one-year period of limitations under § 2244(d)(1)(A) began to run."

6

The Court provided due-date calculations only by way of background information or to show that, even giving Loving the benefit of the doubt on the 21-day question, the petition was still late.

In further support of his position, Petitioner suggests that the Kentucky Department of Public Advocacy routinely files petitions for writ of certiorari based upon inclusion of the 21 days, and the petitions are not being rejected as untimely.[7] See, for example, *Owens v. Kentucky*, 556 U.S. 1218 (2009) (granting cert. based on a Kentucky Supreme Court decision issued on January 24, 2008, and a petition for cert. filed on May 13, 2008). Petitioner's reliance on *Owens* is unpersuasive because it is as likely to reflect oversight as endorsement of Petitioner's position.

The equitable tolling question also is not beyond reasonable debate. Unlike counsel in *Jackson v. Chandler*, supra, who alleged "no particular diligence concerning timeliness" (DN 7-1, p. 12 of 15), present counsel was well aware of the approaching deadline and made intra-departmental inquiries with respect to the calculations. She consulted with the Appeals and Post-Conviction Branches and with co-counsel and the unanimous opinion was that the 21 days are included. Therefore, this arguably is not a case of "simple miscalculation" or "garden variety" attorney negligence as contemplated by *Holland*, supra.

In addition, *Jackson v. Chandler*, like this case, was one in which the Department represented the petitioner, argued for inclusion of the 21 days, and lost.[8] The Department either knew or should have known about the *Jackson* decision and adjusted its opinion regarding the deadline calculations accordingly, rather than advising counsel as it did. This institutional overlay arguably constituted "extraordinary" circumstances as contemplated by *Holland* that warrants equitable tolling.

**The Court should issue a certificate of appealability.**

There is an inherent tension in the fact that, on one hand, the Supreme Court "allows and encourages the court to first resolve procedural issues" before turning to the merits but, on the other

---

[7] U.S.Sup.Ct.R. 13(2) requires that: "The Clerk will not file any petition for a writ of certiorari that is jurisdictionally out of time."
[8] See *Jackson v. Chandler*, 2012 WL 556067 (6th Cir.) ("Jackson was represented by ... a state public defender, who was assigned Jackson's case at the conclusion of his state post-conviction proceedings").

7

hand, disapproves of issuance of a COA where a debatable procedural bar is identified unless the court first concludes that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Compare *Slack* at 485 and 487.

In the wake of *Slack* and having found a debatable procedural bar, the Ninth and Seventh Circuits determined that the court should "simply take a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.'" *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir.2000) quoting *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir.2000). Although the Court finds no Sixth Circuit authority directly on point, this "quick look" approach appears to be the majority approach of the federal circuits. In addition, it is an approach that is well grounded in *Slack*'s literal language as the thing to be debated among reasonable jurists when a COA issues is not the merits but merely "whether the petition **states a valid claim** *(emphasis added)* of the denial of a constitutional right." *Slack* at 484.[9]

Having taken a quick look at the petition, the Court finds that it states a valid claim of ineffective assistance of counsel.

In a nutshell, two drunken individuals departed together in a vehicle after a party. A tragic accident occurred in which both were ejected from the vehicle. One died and the other (the petitioner) was only slightly injured. The accident reconstructionist was unable to say who was driving. The prosecution put on proof that the decedent had a blood alcohol content (BAC) of .30%, which likely would have rendered her too drunk to be the driver. Petitioner was convicted of second-degree manslaughter.

Petitioner claimed that defense counsel was ineffective for 1) stipulating to the decedent's BAC as the blood was drawn on the corpse over 24 hours after death and post-mortem decomposition

---

[9] This approach has been adopted by the first, fourth, fifth, seventh, ninth, and tenth circuits. See David Goodwin, An Appealing Choice: An Analysis of and a Proposal for Certificates of Appealability in "Procedural" Habeas Appeals, 68 New York University Annual Survey of American Law 791 (2013). Westlaw citation: "68 NYUANSAL 791."

naturally results in continuously increasing BAC; and 2) failing to investigate what decedent's true BAC likely was at the time of the accident.

The Kentucky Court of Appeals rejected these claims, finding that any ineffectiveness was not prejudicial in light of other, non-BAC evidence introduced at trial showing that Petitioner was the driver. *Giles v. Commonwealth*, 2012 WL 3628905 (Ky.App.). Petitioner argues that the evidence relied upon by the state courts as supporting his conviction conflicted with other evidence presented at trial and, discounting the damning BAC evidence, the evidence as a whole was insufficient to support his conviction.

While it may prove ultimately to be without merit, Petitioner has stated a valid claim of denial of a constitutional right.

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the Court GRANT Respondent's motion to dismiss (DN 9); DISMISS the petition pursuant to 28 U.S.C. § 2254; and ISSUE a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

## NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984).