IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

| | | |
|---|---|---|
| STEVEN BRADLEY GILES, | ) | |
| | ) | Case Number: 5:14-cv-00085-TBR-LLK |
| Petitioner | ) | |
| | ) | Judge: Senior Judge Russell |
| | ) | |
| v. | ) | Magistrate Judge: King |
| | ) | |
| GARY BECKSTROM, | ) | Electronically filed |
| | ) | |
| Warden | ) | |

### PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

Comes the Petitioner, Steven Bradley Giles, through counsel, pursuant to Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1), and all other applicable law, and objects to the Magistrate Judge's "Findings Of Fact, Conclusions Of Law And Recommendation." As basis for these objections, Petitioner Giles submits the following memorandum of law:

### Incorporation by Reference

Rather than restate at length the contents of the pleadings he has previously filed in this matter, Petitioner Giles hereby incorporates them by reference, as if fully set forth herein.

### Objections

**Petitioner objects to the Magistrate Judge's finding that Mr. Giles filed his habeas petition out of time and that equitable tolling should not apply.**

The Magistrate Judge cites Rule 13(1) of the United States Supreme Court Rules, which states that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort. . . .is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Report, at page 2. The Magistrate Judge agrees that in

1

Kentucky, "it is not self-evident" when "entry of judgment" occurs. *Id*. Petitioner Giles agrees that Kentucky law is confusing as to when entry of judgment occurs. Petitioner Giles objects to the Magistrate Judge's finding that the 21-day rule has no practical effect, *i.e.*, finality begins on the date of rendition, rather than 21 days after the date of rendition.

**A.     The 21-day rule is the only means by which to give effect to the Kentucky rules of criminal and civil procedure.**

The date of "entry of judgment" becomes evident when one gives effect to the whole of the Kentucky Rules of Criminal Procedure and Kentucky Rules of Civil Procedure. It is true that in 1981, Kentucky did away with the mandate requirement and replaced it with the requirement of "finality." *Id*., at fn 2. The Magistrate Judge did not take into account that when the Kentucky Supreme Court got rid with the concept of the mandate, it had the ability to also do away with the 21 day rule at issue in this case. It did not do so.

Therefore, the plain language of the 21-day rule must mean something. *Lanham v. Com.*, 171 S.W.3d 14, 21 (Ky. 2005); *LaFleur v. Shoney's, Inc.,* 83 S.W.3d 474, 478 (Ky. 2002) (appellant's argument about civil rule "ignores the plain language of the rule"); *McDonald v. Ethics Committee of the Kentucky Judiciary,* 3 S.W.3d 740, 743 (Ky. 1999) (overruling Judicial Ethics Opinion in part because it "ignores the plain language of the rule"). In other words, the plain language of the 21 day rule must be given effect in order to determine the appropriate time when a judgment is entered—and a 28 U.S.C. §2254 statute of limitations begins.

**The 21-day rule is not the equivalent of the mandate**

Petitioner Giles objects to the Magistrate Judge's conclusion that "[t]he finality date contemplated by CR 76.30(2)(a). . . .is the equivalent under Kentucky practice of the issuance date of the mandate." Mag. Report, at 3. That conclusion does not give effect to the 21 day rule. Neither did *Gass v. Chandler*, 2006 WL 1793618 (W.D. Ky. 2006). In that case, the Magistrate

Judge stated that "Rule 76.30(2)(a) of the Kentucky Rules of Civil Procedure does not apply to" the determination of when a case becomes final. In that case, the Magistrate Judge examined the "case docket sheet maintained by the Supreme Court of Kentucky to determine the entry date of its opinion." *Id*. Again, CR 76.30—and the 21-day rule—are part of the appellate procedure of the Commonwealth of Kentucky and therefore, must be given effect.

**B.    The plain language of the rule grants 21-days in which to file post-opinion pleadings.**

CR 76.30(2)(a) provides, in pertinent part: "[a]n opinion of the Supreme Court becomes final on the 21st day after the date of its rendition unless a petition under Rule 76.32 has been timely filed or an extension of time has been granted for that purpose." The plain language of that rule allows for an appellant to file a Petition for Rehearing in the pertinent appellate court. CR 76.30(2)(d) lends further support: "in no event shall an opinion become final pending final disposition of a timely petition under Rule 76.32 or a timely motion for review under Rule 76.20; and. . . .in every case it shall become final when no such motion or petition has been filed within the time allowed for that purpose." Also within that 20-day period, courts may sua sponte reconsider the rendered opinion.

Finally, 76.30(2)(e) provides:

When an opinion has become final, the clerk of the appellate court that rendered it shall forthwith send to the clerk of the trial court and, if the opinion results from a review of the decision of another appellate court, to the clerk of that court also, a copy of the opinion with an endorsement stamped thereon showing the date upon which it became final, whereupon the clerk of the trial court shall forthwith file the opinion as enclosed in the original record and note the filing on the proper docket.

The Magistrate Judge's finding and the Respondent's argument do away with any sort of post-opinion pleading envisioned by the above cited rules. Petitioner objects to the Magistrate Judge's finding.

### C. Equitable tolling should be granted.

On the one hand, the Magistrate Judge states Petitioner is not entitled to equitable tolling. On the other, the Magistrate Judge finds the question "not beyond reasonable debate." Mag. Rept. at 7. Petitioner objects to the finding that he is not entitled to equitable tolling because extraordinary circumstances do exist—the 21-day rule being the chief circumstance.

### 1. Petitioner Giles did exercise due diligence.

The Magistrate Judge says "the record reflects" no particular diligence on Petitioner Giles' part. *Id.*, at 5. Petitioner objects to the factual finding that Mr. Giles did not perform his due diligence, and therefore, equitable tolling should not be granted. Mr. Giles called counsel Pearson about once per month during the pendency of his 2254 petition. As the time grew closer to filing, he called more often. Also, in April 2014, Mrs. Pearson scheduled—and completed—a video conference with Petitioner. The subject of that video conference was the 2254 petition being prepared on his behalf.

### 2. *Owens v. Kentucky*, 556 U.S. 1218 (2009).

In his report, the Magistrate Judge finds that the Supreme Court's grant of certiorari in *Owens v. Kentucky*, 556 U.S. 1218 (2009), could have been based upon that Court's "oversight" that Mr. Owens filed his petition for certiorari 21 days out of time (by the Magistrate Judge's argument). Mag. Report, at 6.

Petitioner objects to this finding because at the same time, the Magistrate Judge finds that "reasonable minds" could differ as to whether the petition was timely, and recommends that a Certificate of Appealability be granted. *Id.*, at 7. Petitioner agrees that a Certificate of Appealability should be granted so that an answer be given to question of the tension between a procedural bar such as the Magistrate Judges' finding that Mr. Giles' 2254 petition was untimely

4

filed and a Petitioner's valid claim of a violation of his constitutional rights(s) (in this case, a valid claim of ineffective assistance of counsel). *Id.*, at 7-8.

### 3. *Jackson v. Chandler* vis-à-vis institutional knowledge of the Department of Public Advocacy.

In his report, the Magistrate Judge cites *Jackson v. Chandler*, 2012 WL 556067 (6th Cir. 2012), for the proposition that the 21-day rule had been argued and lost. Mag. Report, at 7.

Petitioner objects to this finding because at the same time, the Magistrate Judge finds that "reasonable minds" could differ as to whether equitable tolling should be granted, and therefore, recommends that a Certificate of Appealability be granted. *Id.*, at 7. The Magistrate Judge even cites that counsel in *Jackson* alleged "no particular diligence concerning timeliness," whereas counsel in this case did argue due diligence. *Id*.

Petitioner agrees that a Certificate of Appealability should be granted to that an answer be given to question of the tension between a procedural bar such as the Magistrate Judges' finding that Mr. Giles' 2254 petition was untimely filed and a Petitioner's valid claim of a violation of his constitutional rights(s) (in this case, a valid claim of ineffective assistance of counsel). *Id.*, at 7-8.

## CONCLUSION

If this Court were to deny the objections, it should nevertheless grant a certificate of appealability on all issues raised in these objections. For all the reasons stated herein, the Petitioner asks that the relief requested in the writ be granted.

                    Respectfully Submitted,

                    /s/ Steven J. Buck
                    STEVEN J. BUCK, KBA # 91917
                    Steven.buck@ky.gov
                    Assistant Public Advocate

/s/ Julia K. Pearson
JULIA K. PEARSON, KBA #88523
Julia.pearson@ky.gov
Assistant Public Advocate
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, Kentucky 40601
(502) 564-8006
(5020 564-7890 (fax)

COUNSEL FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was mailed to the Hon. Jack Conway, Attorney General, Office of the Attorney General, Criminal Appellate Division, 1024 Capital Center Drive, Frankfort, Kentucky 40601-8204, on this 6th day of October, 2014.

/s/ Steven J. Buck

COUNSEL FOR PETITIONER