UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
ELECTRONICALLY FILED

STEVEN BRADLEY GILES
    Petitioner

VS.                                                                           No. 5:14-CV-85-TBR-LLK

GARY BECKSTROM
    Respondent

## RESPONSE TO OBJECTIONS

        Comes now the respondent, Gary Beckstrom, Warden of the Eastern Kentucky Correctional Complex, by and through counsel, and in response to Giles' objections to the magistrate's report (R. 19), states the following:

        1.  Over nine years ago, on December 12, 2004, while driving under the influence of intoxicants, Giles wrecked a car in rural McCracken County, Kentucky, resulting in the death of Shirley Maestas.  On January 28, 2005, the grand jury of the McCracken Circuit Court indicted Giles, charging him with manslaughter in the second degree, driving under the influence of intoxicants, and being a persistent felony offender in the second degree.  (R. 9-1, pp. 1-2).

        2.  After a trial jury convicted Giles of all three charges, on October 12, 2007, the McCracken Circuit Court entered judgment against Giles, sentencing him to imprisonment for ten years.  (R. 9-1, pp. 4-6).

        3.  Giles appealed his convictions to the Kentucky Court of Appeals, which affirmed on February 6, 2009.  (R. 9-1, pp. 7-14).

4. Although the Kentucky Supreme Court granted discretionary review of Giles' convictions, on October 21, 2010, that court also affirmed. (R. 9-1, pp. 15-21).

5. As of October 21, 2010, Giles had 90 days (i.e., until January 19, 2011) in which to file a petition for writ of *certiorari* in the United States Supreme Court. In Clay v. United States, 537 U.S. 522 (2003), the Supreme Court ruled that a habeas petitioner has an additional 90 days from the rendition of the state appellate court's decision to file a petition for writ of *certiorari,* regardless of whether the inmate actually files such a petition. Although Clay affords Giles an additional 90 days, he did not file a petition for writ of *certiorari.*

6. Beginning January 19, 2011, the one-year statute of limitations allotted by 28 U.S.C. § 2244 began to elapse.

7. On February 23, 2011,[1] Giles filed a motion to vacate judgment in the McCracken Circuit Court, under Kentucky Rule of Criminal Procedure (RCr) 11.42.[2] (R. 9-1, pp. 22, 23-31). Pursuant to 28 U.S.C. § 2244, during the pendency of Giles' state post conviction relief motion and appeal to the state courts, the federal statute of limitations was tolled (i.e., from February 23, 2011 until May 15, 2013). However, by the time Giles filed his state post conviction relief motion, 35 days of the federal statute of limitations had already elapsed (i.e., from January 19, 2011 until February 23, 2011).

---

[1]Giles motion to vacate judgment does not contain a "date filed" stamp; however, the respondent has appended a copy of the docket sheet, indicating that it was filed February 23, 2011. (R. 9-1, p. 22). In his petition, Giles acknowledges that he filed this motion on February 23, 2011. (R. 1, p. 2).

[2]Undersigned counsel has not appended the voluminous appendix which Giles attached to his *pro se* motion to vacate judgment under RCr 11.42 because the appendix is not relevant to the question of whether the federal statute of limitations has expired.

      8. On March 16, 2011, the McCracken Circuit Court denied Giles' RCr 11.42 motion to vacate judgment. (R. 9-1, pp. 32-36).

      9. On August 24, 2012, the Kentucky Court of Appeals affirmed the McCracken Circuit Court's denial of Giles' motion to vacate judgment. (R. 9-1, pp. 37-41).

      10. On May 15, 2013, the Kentucky Supreme Court denied discretionary review of the opinion of the Kentucky Court of Appeals. (R. 9-1, p. 42). Under Kentucky Civil Rule (CR) 76.30(2)(b), the order of the Kentucky Supreme Court became final immediately upon entry. Giles was not entitled to an additional 90 days in which to seek a petition for *certiorari* to review the state courts' denial of his post conviction relief motion. Lawrence v. Florida, 549 U.S. 327 (2007), *overruling* Abela v. Martin, 348 F.2d 164 (6th Cir. 2003).

      11. Since 35 days of the statute of limitations had already elapsed (as set forth in Paragraph 7), Giles had 330 days from the date of finality of the Kentucky Supreme Court's order (i.e., May 15, 2013), in which to file a federal habeas petition (i.e., until April 10, 2014).

      12. Three statutes or rules are relevant to the determination of whether Giles habeas petition was timely filed:

      A. 28 U.S.C. § 2244 states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . .

      B. Rule 13 of the Rules of the Supreme Court of the United States reads, in pertinent part, as follows:

The time to file a petition for a writ of *certiorari* runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of *certiorari* for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

C. Kentucky Rule of Civil Procedure 76.30 states, in pertinent part, as follows:

(a) An opinion of the Supreme Court becomes final on the 21st day after the date of its rendition unless a petition under Rule 76.32 has been timely filed or an extension of time has been granted for that purpose. An opinion of the Court of Appeals becomes final on the 31st day after the date of its rendition unless a petition under Rule 76.32 or a motion for review under Rule 76.20 has been timely filed or an extension of time has been granted for one of those purposes.

* * *

(f) No mandate shall be required to effectuate the final decision of an appellate court, whether entered by order or by opinion.

13. In addition to the above statutes, 28 U.S.C. § 2254(i) states, "The ineffectiveness or incompetence of counsel during Federal . . . post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

14. Giles' federal habeas petition, filed May 1, 2014, was filed 21 days too late to comply with the one year federal statute of limitations contained in 28 U.S.C. § 2244. This court should dismiss the petition as untimely filed. In <u>Houston v. Lack</u>, 487 U.S. 266, 282 (1988), the United States Supreme Court ruled, "Filing deadlines, like statutes of limitations, necessarily

operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late-even by one day." "If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it. . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day."). United States v. Locke, 471 U.S. 84, 101 (1985). Locke was reaffirmed in an appeal taken from the Sixth Circuit. Carlisle v. United States, 517 U.S. 416, 430 (1996).

15. Giles has previously stated, "The Respondent did not cite to any precedent holding that 'entry of judgment' in Kentucky means the date an opinion is issued or rendered. Petitioner Giles has found no such precedent." (R. 6, p. 2). Under the Rules of the Supreme Court of the United States, the state court's definition of finality has no effect on the deadline for filing a petition for writ of *certiorari*. In Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 655 (2012), United States Supreme Court stated, in part, as follows:

> Third, Gonzalez argues that AEDPA's federalism concerns and respect for state-law procedures mean that we should not read § 2244(d)(1)(A) to disregard state law. We agree. That is why a state court's reopening of direct review will reset the limitations period. 555 U.S., at 121, 129 S.Ct. 681. That is also why, just as we determine the 'expiration of the time for seeking [direct] review' from this Court's filing deadlines when petitioners forgo *certiorari,* we look to state-court filing deadlines when petitioners forgo state-court appeals. Referring to state-law procedures in that context makes sense because such deadlines are inherently court specific. There is no risk of relying on 'state-law rules that may

> differ from the general federal rule.' Clay [v. United States], 537
> U.S. [641], at 531, 123 S.Ct. 1072 [(2012)].
> 
> By contrast, Gonzalez urges us to scour each State's laws and cases to determine how it defines finality for every petitioner who forgoes a state-court appeal. That approach would usher in state-by-state definitions of the conclusion of direct review. It would be at odds with the uniform definition we adopted in Clay and accepted in the § 2244(d)(1)(A) context in Jimenez [v. Quarterman, 555 U.S. 113 (2009)]. And it would pose serious administrability concerns. Even if roughly 'half of the States define the conclusion of direct review as the issuance of the mandate or similar process,' Brief for Petitioner 40, that still leaves half with either different rules or no settled rules at all.

The ruling in Clay also involved the interpretation of § 2244(d)(1)(A) because the court was required to address arguments based upon comparison of the two statutes. Taking into account all the authorities (Gonzalez, Clay, and the Rules of the Supreme Court of the United States), the filing deadline for a petition for *certiorari* is determined by federal law and the Rules of the Supreme Court of the United States, not state law, not the state court's definition of finality, and not the issuance of a mandate (or in Kentucky a finality endorsement). In cases such as Gonzalez in which the petitioner forgoes seeking review from the highest available state court, the petitioner is precluded from filing a petition for *certiorari* in the United States Supreme Court, and the deadline for filing a federal habeas petition under § 2254(d)(1)(A) is measured from the expiration of the deadline to have filed a petition/motion for review in the highest available state court, which filing deadline is determined by state law. The fact that the state court issues a mandate or finality endorsement several days after that deadline expires has no effect on the deadline for filing a habeas petition in federal court under § 2244(d)(1)(A).

16. Both the United States District Courts for the Western and Eastern Districts of Kentucky have agreed with the respondent's position. See Gass v. Chandler,

1:05-CV-126-TBR, 2006 WL 1793618 (W.D.Ky.) and <u>Thomas Neal Jackson v. Larry D. Chandler, Warden</u>, USDC Ed.Ky. (File No. 6:09-CV-125-GFVT).

  17. Giles insists that this court should equitably toll the statute of limitations. (R. 19, pp. 1-5). If this court were to adopt Giles' position, the practical effect would be to penalize the respondent due to his habeas counsel's miscalculation. Various federal courts have consistently ruled that an attorney's miscalculation of the due date of a federal habeas petition will not equitably toll the statute of limitations contained in 28 U.S.C. § 2244. <u>Lawrence v. Florida</u>, 549 U.S. 327, 336-37 (2007) (holding, "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). See also <u>Holland v. Florida</u>, 560 U.S. 631, 651 (2010) (holding, "We have previously held that a garden variety claim of excusable neglect, . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling . . . [absent] far more serious instances of attorney misconduct."). Moreover, Giles is not entitled to the assistance of counsel in his habeas petition, and he could have filed the petition himself.

  18. Giles has previously argued that the respondent "will not be prejudiced" if this court were to permit the late filing of his habeas petition. (R. 6, p. 5). The respondent respectfully disagrees because the issue of prejudice, to the extent it is relevant at all, should be presumed by the expiration of the statute of limitations, and the Commonwealth has an interest obtaining the finality of Giles' judgment of conviction. Giles committed his crimes on December 12, 2004, and on October 12, 2007, Giles was tried before a jury of the McCracken Circuit Court. With the passage of over nine years since the crime itself and over six years since

the trial, undersigned counsel does not know whether all the witnesses who testified in 2007 are still available, and counsel does not know whether various pieces of evidence from the trial are still available.  The Commonwealth would be severely prejudiced if this court were to ultimately grant a petition for writ of habeas corpus and thereby require a retrial.  Indeed, it could be said that Giles himself will not be prejudiced by dismissal of the petition because on June 14, 2014, the Kentucky Parole Board recommended that Giles be released on parole, and he was released on August 1, 2014.  (R. 20-1).

19.  Should this court, for any reason, conclude that the federal statute of limitations has not expired, the respondent requests this court to afford him an additional opportunity to respond to the merits of the petition for writ of habeas corpus.

WHEREFORE, the respondent respectfully prays this court to dismiss the petition for writ of habeas corpus due to the fact that the applicable statute of limitations contained in 28 U.S.C. § 2244 has now expired.

    Respectfully submitted,

    JACK CONWAY
    ATTORNEY GENERAL

    S/ Perry T. Ryan

    PERRY T. RYAN
    ASSISTANT ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

       I hereby certify that on October 16, 2014, I electronically filed this document through the ECF system, which will send a notice of electronic filing to Hon. Julia K. Pearson and to Hon. Steven J. Buck, Assistant Public Advocates, 100 Fair Oaks Lane, suite 301, Frankfort, Kentucky 40601.

       S/ Perry T. Ryan

       _____
       PERRY T. RYAN
       ASSISTANT ATTORNEY GENERAL
       1024 CAPITAL CENTER DRIVE
       FRANKFORT, KENTUCKY 40601
       PHONE:  (502) 696-5342
       FAX:  (502) 696-5533
       E-MAIL:  Perry.Ryan@ag.ky.gov

       COUNSEL FOR RESPONDENT