UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-00085-TBR

STEVEN BRADLEY GILES            PETITIONER

v.

GARY BECKSTROM            RESPONDENT

**MEMORDANDUM OPINION**

Giles has filed a § 2254 habeas petition. (Docket #1). Beckstrom, on behalf of Kentucky, has filed a motion to dismiss. (Docket #9). Giles responded. (Docket #15). This Court referred the matter to Magistrate Judge King for a report and recommendation. A report and recommendation has been issued. (Docket #16). Giles filed an objection. (Docket #19). Beckstrom has responded to that objection. (Docket #20). The matter is now ripe for decision.

INTRODUCTION

Three issues were presented in Beckstrom's motion to dismiss and Giles's objection: (1) whether Giles filed his habeas petition outside the statute of limitations; (2) whether the statute of limitations should be equitably tolled; and (3) whether Giles should receive a certificate of appealability.

Giles was convicted of manslaughter stemming from a one-car drunk driving accident in which Shirley Maestas was thrown from the car and died. Giles appealed to the Kentucky Court of Appeals, which affirmed. Giles then appealed to the Kentucky Supreme Court, which affirmed on October 21, 2010. Giles had ninety days to file a petition for writ of *certiorari* with the United States Supreme Court. Thus, Giles' petition was due on January 19, 2011. Giles did

not file a petition. Therefore, Giles one-year statute of limitations to file this habeas petition began to run on January 20, 2011.[1]

Thirty-four days later, on February 23, 2011, Giles filed a motion to vacate judgment in the McCracken Circuit Court. The McCracken County Circuit Court denied this motion. The Kentucky Court of Appeals subsequently affirmed this denial. The Kentucky Supreme Court denied discretionary review on May 15, 2013. The parties agree that the statute of limitations was tolled during the course of these appeals. On May 16, 2013, thirty-four days of the one-year statute of limitations had elapsed and Giles had 331 days remaining to file this habeas petition. Therefore, the deadline to file Giles's petition was April 12, 2014.[2]

Giles filed this petition on May 1, 2014, which is nineteen days after the statute of limitations elapsed. Giles's attorney calculated the due date of Giles' petition as May 2, 2014 by adding twenty-one days to the above formula. (Docket #15). These twenty-one days are the amount of time between when the Kentucky Supreme Court enters an order and when that order becomes final. Ky. CR 76.30(2)(a). Giles argues that it is not the date that judgment is entered, but rather the date that judgment becomes final, that triggers the statute of limitations. In the alternative, Giles argues the statute of limitations should be equitably tolled because the rule is unclear.

Magistrate Judge King recommended that Giles's habeas petition was filed past the statute of limitations, that the statute of limitations should not be equitably tolled, and that Giles

---

[1] The statute of limitations begins the day after the event that "triggers the period." Fed. R. Civ. P. 6(a). *See also Johnson v. Riddle*, 305 F.3d 1107, 1115 (10th Cir. 2002) (collecting cases).

[2] Since this day was a Saturday, Giles would have had until Monday, April 14, 2014 to file his petition. *Bartlik v. United States DOL*, 62 F.3d 163 (6th Cir. 1995) (holding if the statute of limitations expires on a weekend or holiday, then it extends to the next business day).

2

should receive a certificate of appealability. For the following reasons, the Court adopts these recommendations.

## DISCUSSION

**I.  Giles filed his habeas petition after the statute of limitations had expired.**

It is undisputed that the statute of limitations for filing a federal habeas corpus petition is one year. 28 U.S.C. § 2244(d)(1). The parties dispute when this one year begins to run.

The statute of limitations begins to run from the "latest" of four events, only one of which is applicable in this case. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Giles's final appeal was to the Kentucky Supreme Court. The time for appeal to the United States Supreme Court expired ninety days after "the date of entry of the judgment." Sup. Ct. R. 13(1). Therefore, ninety days after the Kentucky Supreme Court entered an order declining to hear Giles' appeal, the one-year statute of limitations began to run.

Giles argues an additional twenty-one days should be included in this equation. Giles points to Ky. CR 76.30(2)(a), which states that an "opinion of the [Kentucky] Supreme Court becomes final on the 21st day after the date of its rendition." According to Giles, the Kentucky Supreme Court entered an order on October 21, 2010, but this order did not become final until twenty-one days had elapsed. Only after the order becomes final would the time for seeking review before the Supreme Court begin to run. Giles argues that to hold otherwise would negate the plain language of Ky. CR 76.30(2)(a), which states a Kentucky Supreme Court decision "becomes final on the 21st day after the date of its rendition." (Docket #19). Magistrate Judge King was not persuaded by this argument, nor is this Court. Giles's interpretation would itself ignore the plain language of United States Supreme Court Rules 13(1), which states a petition

must be filed "within 90 days after **entry** of judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." (emphasis added). Also, this Court has previously held that the twenty-one day period for finality does not apply in this situation. *Gass v. Chandler*, No. 1:05-CV-00126-TBR, 2006 WL 1793618 (W.D.Ky. 2006); *see also Jackson v. Chandler*, No. 6:09-CV-00125-GFVT (at Docket #7, Ex. 1).

    II.       The statute of limitations will not be equitably tolled.

Giles alternatively argues that the statute of limitations should be equitably tolled because Giles's attorney in good faith miscalculated the statute of limitations.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A "'garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (citations omitted). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336 (2006).

Giles's attorney mistakenly calculated that an additional twenty-one days should be added to the statute of limitations, causing his petition to be tardy. This type of miscalculation is insufficient to warrant equitable tolling.

    III.      A certificate of appealability will be issued.

Finally, Magistrate Judge King recommends that a certificate of appealability be issued.

If a habeas petition has been dismissed on procedural grounds, then determining whether a certificate of appealability should issue "has two components, one directed at the underlying

4

constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must demonstrate that "reasonable jurists" could disagree on how to decide the procedural issue. *Id*. Second, the petitioner must demonstrate that he "has made a substantial showing of the denial of a constitutional right." 28 USCS § 2253. "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack*, 529 U.S. at 485.

Giles has shown that reasonable jurists could disagree on how to calculate the statute of limitations. Giles has given an example of the Supreme Court accepting petitions more than ninety days after the Kentucky Supreme Court rendered judgment. (Docket #19). *See Owens v. Kentucky*, 556 U.S. 1218 (2009) (hearing petition filed on May 13, 2008, which was 109 days after the Kentucky Supreme Court's decision was rendered but only seventy-eight days after it became final). This suggests that on at least some occasions the Supreme Court has interpreted "entry of judgment" to mean when a judgment becomes final. While the Court believes that its above rationale is correct, Giles's argument has shown that the Court's procedural ruling is at least "debatable." *Whitt v. Warden, Lebanon, Corr. Inst.*, 2014 U.S. Dist. LEXIS 125937 *2 (S.D. Ohio, 2014) ("a certificate of appealability shall issue where jurists of reason would find it debatable whether the Court was correct in its procedural ruling").

The Court adopts Magistrate Judge King's recommendation that Giles has made a substantial showing that he was denied a constitutional right. (Docket #16).

Accordingly, a certificate of appealability will issue.

## CONCLUSION

This Court has conducted a *de novo* review of the Magistrate Judge's report and recommendation and the objection filed thereto. It concludes Giles filed his habeas petition

outside the statute of limitations, the statute of limitations should not be equitably tolled, and Giles should receive a certificate of appealability. Therefore the respondent's motion to dismiss will be granted.

A separate order and judgment shall issue.